Ora Francis **WHEAT** et al., Appellants,

v.

Frances **HILL** et vir, Appellees.

No. 13374.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 22, 1958.

Rehearing Denied Nov. 19, 1958.

House, Mercer & House, San Antonio, for appellants.

Snodgrass & Smith, Frank W. Rose, Jr., San Angelo, Montague & Thurmond, Del Rio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Ora Francis Wheat, individually and in certain representative capacities, against Frances Wheat Hill and her husband, Grady Hill, seeking to have the will of Ira L. Wheat, the father of her deceased husband, Gus D. Wheat, Sr., construed as devising to her deceased husband the fee simple title in 8,185 acres of land, more or less, in Edwards County, Texas, being fully described in her petition, and Lots 7 and 8 in Block 26E in Sonora, Sutton County, Texas. The cause was sub-

mitted to the court without the intervention of a jury, upon agreed statement of facts. The trial court rendered judgment to the effect that the will of Ira L. Wheat, deceased, gave to Gus D. Wheat a life estate with the remainder to his children, Frances Wheat Hill and Gus D. Wheat, Jr., share and share alike, in the above mentioned 8,185 acres and two lots. From that judgment Ora Francis Wheat, individually and in her representative capacity, has prosecuted this appeal.

Ira L. Wheat died on February 11, 1935, and left surviving him, among other children, a son Gus D. Wheat, Sr. He left a written will which has been duly probated, and we are here asked to construe paragraph "4" of that will, which reads as follows:

"All the rest and residue of my estate, both personal and real, after the payment of the foregoing bequests, I hereby give, devise and bequeath to my son, Gus D. Wheat, upon the following conditions: that the real estate herein devised to him shall be held by him during his natural life, and upon his death shall pass to his children, share and share alike; that the personal property given to him under the terms hereof may be disposed of by him as he may wish. If my said son Gus D. Wheat should die without issue, then I direct that said real estate herein devised to him shall revert to and be divided, share and share alike to my children named in paragraph No. three (3) hereof, in the event they be then living; and if any one or all of said children named in paragraph No. three (3) hereof be not then living, that such child's (deceased) portion pass to the child or children of such deceased child; but if such deceased child should die without issue, then I direct that such deceased's child's part be divided among the children named in paragraph No. three (3) hereof that may then be living."

 In construing a will the intention of the testator must be ascertained, if possible, by viewing the will in its entirety, and all the provisions of the will must be looked to for the purpose of ascertaining the real intention of the testator, and if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intention, must be yielded to the intention manifested by the whole instrument. Bergin v. Bergin, Tex., 315 S.W.2d 943. It seems to us that the language found in paragraph "4" of Ira L. Wheat's will is plain and unambiguous, and requires no construction other than to give to it the meaning which is clearly expressed. This language plainly says that Ira L. Wheat gives to his son, Gus D. Wheat, Sr., certain real estate (fully described in the agreed statement of facts) during his natural life, and upon his death to his children, share and share like. The real estate devised in paragraph "4" of the will was the 8,185 acres in Edwards County, and Lots 7 and 8 in Block 28E in Sonora, Sutton County. No other construction could be given to the meaning of the will of Ira L. Wheat.

 From the language used by the testator, when considered in connection with the other provisions of the will, it is quite plain that Ira L. Wheat intended for his son Gus D. Wheat, Sr., to have the real estate during his lifetime and at his death it was to go to his children. The other provisions, with reference to what disposition should be made of the property in the event his son Gus D. Wheat, Sr., should die without issue are unimportant, because at his death he left two children surviving him, Gus D. Wheat, Jr., and Frances Wheat Hill. Crossland v. Dunham, 135 Tex. 301, 140 S.W.2d 1095; Williams v. Nichols, Tex. Civ.App., 257 S.W.2d 136; Johnson v. Moore, Tex.Civ.App., 223 S.W.2d 325; Ellison v. Ellison, Tex.Civ.App., 164 S.W.2d 775.

In 95 C.J.S. Wills § 586, p. 715, the following is stated:

" * * * since the purpose of construing and interpreting a will is to ascertain the intention of the testator as expressed in the will, * * * where such intention is expressed in the will in clear and unequivocal language, there is no need for judicial construction and interpretation, and it should not be resorted to or permitted."

The judgment of the trial court is affirmed.