**Grace Virginia DEES et al., Appellants,**

v.

**AMARILLO NATIONAL BANK et al.,**
**Appellees.**

No. 6908.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 18, 1960.

Rehearing Denied Feb. 22, 1960.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Hugh L. Umphres, Jr., Amarillo, of counsel, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Stone & Stone, Amarillo, for appellees.

NORTHCUTT, Justice.

This action was brought in the 47th Judicial District Court of Potter County, Texas, by Grace Virginia Dees and husband, Byron B. Dees, and by James Calhoun Golding, individually and in the capacity of testa-

mentary trustee under the terms of the last will and testament of Ben Golding, deceased, to construe the will of Ben Golding, deceased, and to answer certain interrogatories, which, briefly stated, are as follows:

"(a) Should the income from the trust estate be paid to the primary beneficiary, Sallye E. Dunn Golding, for her support while she has other and separate means of support?

"(b) Should income not presently needed for the support of Sallye E. Dunn Golding be distributed to children of Ben Golding during the lifetime of Sallye E. Dunn Golding, primary beneficiary?

"(c) Is Sallye E. Dunn Golding, under the will of Ben Golding, authorized to dispose of her separate property and the income from her separate property as she sees fit without influence, direction or guidance from the executors and trustees of the Ben Golding estate?

It was found and adjudged by the trial court:

That the income of the trust should not be resorted to for the support of the primary beneficiary, Sallye E. Dunn Golding, if her separate income was adequate for her support.

That no distributions were to be made to the children of Ben Golding during the lifetime of Sallye E. Dunn Golding.

That Sallye E. Dunn Golding was authorized to dispose of her own property and estate and the income therefrom as she saw fit without interference, influence, guidance or direction by the executors or trustees.

The trial court specifically found and adjudged that there was no ambiguity in the provisions of the will of Ben Golding with respect to the payment of income or corpus to the children, grandchildren or great grandchildren of Ben Golding or any beneficiary under the will of Ben Golding during the lifetime of the primary beneficiary, Sallye E. Dunn Golding; that during her lifetime no distribution of income or corpus of the estate was to be made to or for the children, grandchildren or great grandchildren of Ben Golding, or any other beneficiary other than Sallye E. Dunn Golding; but that so much of the income and corpus should be paid to Sallye E. Dunn Golding during her lifetime as is adequate to permit her to maintain a reasonably comfortable standard of living of the type described in the will of Ben Golding.

The plaintiffs below, appellants herein, excepted only to the part of the findings and ruling of the Court to the effect that no ambiguity existed in the provisions of the will of Ben Golding with respect to the payment of income or corpus during the lifetime of Sallye E. Dunn Golding to the children, grandchildren or great grandchildren of Ben Golding, or any beneficiary of the will of Ben Golding, other than the primary beneficiary, and the findings, judgment and ruling of the Court that during the lifetime of Sallye E. Dunn Golding no distributions of income or corpus were to be made to or for the children, grandchildren or great grandchildren of Ben Golding other than the primary beneficiary.

The appellants, as plaintiffs below, did not except in the judgment to that part of the findings of the trial court and judgment, nor do the appellants here complain of the findings and judgment of the trial court to the effect:

"1. That the income of the trust estate was not to be paid to Sallye E. Dunn Golding during her lifetime while she had other and separate income adequate for her support; and

"2. That under the will of Ben Golding, deceased, Sallye E. Dunn Golding was authorized and empowered to handle, use and dispose of her separate property and the income therefrom as she saw fit, without any influence, direction or guidance by the executors and trustees of the estate of Ben Golding, deceased, and that the said Sallye E. Dunn Golding was au-

thorized to make such distribution of her property and estate in any manner as she chose and elected, including, but not limited to, sales, lease, gift, use, investment or otherwise."

The appellants present this appeal upon 3 points of error contending the trial court erred in construing the will of Ben Golding as requiring the surplus income accruing to his testamentary trust estate during the life of his surviving wife and not needed for her care or for reasonable reserve be accumulated and added to the corpus of such trust instead of being distributed to his children, because there was no evidence and insufficient evidence in the record to support such holding and because the holding was against the great weight and preponderance of the evidence.

■ We are unable to see where any of appellants' points of error are applicable under this record. By these points appellants do not assign as error that the will was ambiguous but rely on the contention that the court erred in holding as it did because there was no evidence, insufficient evidence, and was against the great weight and preponderance of the evidence to sustain such holding. The court held the will was unambiguous. If the language of the will, when considered as a whole, is plain and unambiguous we may look to it alone to find the intention of the testator and cannot consider extrinsic evidence of intention. State v. Rubion, 308 S.W.2d 4, by the Supreme Court and the cases there cited.

■ The will in question gave outright certain properties to Sallye E. Dunn Golding. After making that gift, it stated all the rest of the estate was given in trust for the primary purpose of insuring adequate care for Mrs. Golding. The will further provided that after the death of Mrs. Golding the trustees should pay to testator's children equally for life all of the income of the trust estate. We are of the opinion the will clearly shows that the primary concern of testator was to see that Mrs. Golding was properly cared for during her life-

time. If any portion of testator's estate was to go to his children prior to the death of Mrs. Golding he could have so provided instead of stating the income was to be paid to the children after the death of Mrs. Golding. To hold that Mr. Golding intended for the children to receive a portion of the income before Mrs. Golding died would be holding the expression (after her death) as being meaningless. Taylor v. First Nat. Bank of Wichita Falls, Tex.Civ.App., 207 S.W.2d 428, 431, states as follows:

"There are many rules of law surrounding the construction of a will but there is one over-all rule, which is to the effect that there is no set rule that will fit the construction of every will, and therefore each case must stand under its own facts and the general rules applying thereto, such as,

"(1) The courts are required to ascertain the intention of the testator from the language employed in the will as a whole.

"(2) The predominant clause ought to prevail over a subsidiary clause unless the latter clause clearly or expressly modifies the former.

"(3) A clearly expressed intention of the testator contained in one part of the will should not yield to a doubtful construction of any other portion thereof. Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334.

"(4) The presumption is that a will contains no meaningless or superfluous expressions. Curtis v. Aycock, Tex. Civ.App., 179 S.W.2d 843; Houston Bank & Trust Co. v. Lansdowne, Tex. Civ.App., 201 S.W.2d 834, writ refused, no reversible error.

"(5) Where the language of a will leaves it uncertain as to whether a greater or lesser estate was intended to be devised, the greater estate will be held to have vested in the devisee. Wykes v. Wykes, Tex.Civ.App., 174 S. W.2d 333, writ refused.

"(6) If the instrument is manifestly plain and unambiguous, it alone must be held to be the sole evidence of the decedent's intention.

"(7) In construing a will the testator's intention is our first concern and it controls the construction. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148."

We are of the opinion, and so hold, that the will in question is not ambiguous for the reasons above stated. Appellants' assignments of error are overruled.

Judgment of the trial court is affirmed.