Henry E. FUQUA et al., Appellants,

v.

FIRST NATIONAL BANK OF AMARILLO et al., Appellees.

No. 6911.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1960.

**358**

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

E. H. Foster; Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

NORTHCUTT, Justice.

Henry E. Fuqua, as Petitioner, brought this suit against the First National Bank of Amarillo, trustee of the estate of W. H. Fuqua, deceased. The petitioner named himself, his sister, Constance Fuqua Hill; his brother, Wiley H. Fuqua, and his nieces and nephews, Eleanor Fuqua Poole, W. H. Poole Jr., Lee Benham Poole, and Elizabeth Pettit Poole, as beneficiaries of the trust estate. The nephews and nieces were minors and the court appointed E. H. Foster as guardian Ad Litem to represent said minors. The only parties contesting the application of petitioner were the minors.

The real issue involved here is did the court err in refusing to grant the First National Bank of Amarillo, Trustee of the W. H. Fuqua trust, authority to distribute to the beneficiaries their share of the corpus if the trustee finds in its discretion that there is an emergency requiring additional funds.

Appellants present this appeal upon nine assignments of error. By Point Nine it is contended the court erred in finding that there was nothing in the previous judgment of the trial court in Cause No. 29480-A which prevented the court from denying the relief sought here. We are unable to see where the matters here involved were determined in that case.

■ The remaining assignments deal with the question as to whether the court erred in refusing to find that the trustee had the authority to distribute the corpus of the estate in question. If the language of the instruments, when considered as a whole, is plain and unambiguous we may look to that alone to find the intention of the testator or executor and cannot consider extrinsic evidence of intention. State v. Rubion, 308 S.W.2d 4, by the Supreme Court and cases there cited.

■ W. H. Fuqua died on the 30th day of May, 1950. In Mr. Fuqua's will be provided:

"2. The trustees shall not make any distribution of the corpus of my estate to beneficiaries until after the expiration of twenty (20) years from the date of my decease; but, subject to Clause 4 below, as soon after the expiration of twenty (20) years from the date of my decease, as it can be done without sacrificing the interest of the beneficiaries, the trustees shall, upon demand of any beneficiary who is then twenty-five (25) years of age, distribute to such demanding beneficiary his share of my estate then distributable under the terms of this will; and thereafter as each beneficiary shall arrive at the age of twenty-five (25) years, and upon demand, his share of my estate shall be delivered to him. If any beneficiary should die after my decease, and before his share of my estate shall have been delivered to him, such share of such deceased beneficiary shall remain subject to the terms of the trust and shall be distributed to the heirs at law,

or to the devisees, as the case may be, of such beneficiary when and as they reach the age of twenty-one (21) years."

That portion above referred to as Clause 4 below reads as follows:

"4. Should any beneficiary, during the existence of the trust for such beneficiary, be or become a non-compos or be or become for any reason incapacitated to take care of and conserve and preserve his estate, the trust as to him shall continue during such inca-, pacity, even after the twenty (20) year trust period."

These paragraphs standing alone are clear and unambiguous. The language used is plain, easily understandable and contains no words lacking a definite and well-recognized connotation.

However, a question at issue herein has been raised. This is as to whether it could possibly be true that the testator meant what he said as to the criterion determinative of the question as to whether the trustee had the authority to distribute the corpus of the estate if he thought a necessity had arisen which required such distribution.

Even in cases where is seems to be clearly apparent that a very logical and reasonable change of the will's phraseology would result in a more just and generally desirable devolution than that provided by the words chosen by the testator, courts cannot remake and revise wills. This is most assuredly true in cases wherein the key word or words or expressions involved in a construction were presumably chosen by the attorney who drafted the will, especially where the issue hinges upon the meaning to be accorded a single word which is a word of art, having one and only one legal signification. The rationale of this well-established principle as to the duty of a judicial officer requires that there be no infringement of testator's right to have his intended devolutionary directions, provided they are both legal and unambiguous, hon-

ored. The judicial requirement remains unaffected even though, in the mind of someone else, provisions of a will appear to be unjust or shockingly unnatural. This may be to a degree such as to cause anyone who had been well-acquainted with the testator to feel, with no uncertainty about it, that, if the effect of the language in question had been explained to him, the testator surely would have chosen a different expression of his testamentary directions.

Aside from questions of legality, as an absolute pre-requisite to in any way effecting a detour of the ordinary signification of words actually employed by the testator, there must be ambiguity.

The expression of words "shall not" as used in this will could not have but one meaning, and that would be that the trustee should not until after the expiration of 20 years after the death of Mr. Fuqua distribute the corpus of the estate. At the end of the 20 years if any of the beneficiaries should be or become of non-compos or for any reason incapacitated to take care of and conserve and preserve his estate, the trust as to that beneficiary was to continue during such incapacity, even after the 20 year trust period. If the trustee should deliver the corpus of the estate or any part thereof to any beneficiary and the beneficiary should dispose of his portion of the estate and then die before the 20 year period the other beneficiaries would be defeated out of their portion of the estate since the will provides:

"If any beneficiary should die after my decease, and before his share of my estate shall have been delivered to him, such share of such deceased beneficiary shall remain subject to the terms of the trust and shall be distributed to the heirs at law, or to the devisees, as the case may be, of such beneficiary when and as they reach the age of twenty-one (21) years."

A clearly expressed intention of the testator contained in one part of the

will should not yield to a doubtful construction of any other portion thereof. Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334; Taylor v. First National Bank of Wichita Falls, Tex.Civ.App., 207 S.W.2d 428.

We think from this record, Mr. Fuqua realized what might happen and made provisions accordingly. We do not believe there is any apparent ambiguity. All of appellants' assignments of error are overruled.

Judgment of the trial court is affirmed.