The CITIZENS NATIONAL BANK OF WACO, Appellant,

v.

Christena DONATH et vir, Appellees.

No. 3962.

Court of Civil Appeals of Texas.

Waco.

Feb. 1, 1962.

Bryan, Maxwell, Wilson & Olson, Waco, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellees.

WILSON, Justice.

Declaratory judgment was rendered construing the following provisions in a will:

"It is my will that four hundred fifty (450) shares of Franklin Life Insurance Company, common stock, be excepted from the terms of this Trust and pass outright so that each of the following named beneficiaries will receive one hundred fifty (150) shares of this stock immediately.

"A. C. Donath of El Monte, California, 150 shares or if he is not living to Christena Donath, his wife, 150 shares.

"E. Earl Currie, whose address of Mart Pharmacy, Mart, Texas, 150 shares of Franklin Life Insurance Company, common stock."

The trial court determined that 150 shares of the stock were thereby bequeathed to Christena Donath, one of the three named beneficiaries, "in her own right." Appellant contends that this beneficiary took only if A. C. Donath was not living when the will became effective.

We think the trial court's construction was correct. If the second paragraph quoted is read alone, the interpretation sought by appellant might be impelling. Here the testator declares he is disposing of 450 shares of stock which he desires to exclude from trust administration. He announces his intention that "each of the following named beneficiaries" is to take 150 shares of stock. He names three persons. The 450 shares may not otherwise be arithmetically accounted for. The fact that his punctuation or incomplete sentence structure in a subsequent clause would

create an ambiguity if considered alone will not be given controlling effect so as to defeat his manifest intention; for a clearly expressed intention in one portion will not yield to a doubtful construction in another portion of a will. Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334, 336. The gift to Christena Donath was not contingent, but vested. Affirmed.