**Mildred JONES, Appellant,**

v.

**James F. LOVING et al., Appellees.**

**No. 231.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 9, 1969.

Rehearing Denied May 14, 1969.

James B. Williamson, George Red, Red & Kemp, Houston, for appellant.

John H. Caldwell, Ernest C. Hurst, Caldwell & Hurst, Houston, for appellees.

SAM D. JOHNSON, Justice.

Will construction suit in which the trial court granted a summary judgment.

In 1960 Effie Slater Harveson executed a will which was wholly in her own handwriting. She died on April 16, 1966, and her holographic will was admitted to probate in the County Court of Harris County sitting in probate on October 8, 1966. The only beneficiary named in such will was the appellant herein, Mildred Jones.

Thereafter, the appellees, James F. Loving and Gerald F. Loving, as the only heirs at law of the decedent, filed this suit in the District Court of Harris County complaining of Mildred Jones and praying for the court to construe the will of Effie Slater Harveson consistent with their contentions. Following the answer of Mildred Jones, appellees filed the instant motion for summary judgment alleging that no material issues or questions of fact were raised by the pleadings. The trial court granted appellees' motion for summary judgment and appellant duly perfects her appeal.

The trial court's judgment found that the only interest acquired by Mildred Jones under the will was a life estate in the real and personal property enumerated by Effie Slater Harveson in her will. Subject only to such life estate appellees were adjudged to be entitled to all of the real and personal property of the decedent enumerated in her will and to all other property owned by the decedent that was not therein specified.

It is the essence of appellant's contentions that numerous questions of fact were raised and created by the wording of the will as to the intention of the decedent, and that the granting of the summary judgment construing the will as a matter of law was error.

The testatrix was a widow of advanced years. Mildred Jones is the sole benefi-

ciary named in the decedent's will and she bore no relationship to the decedent. Appellees, James F. Loving and Gerald F. Loving, on the other hand, are the only heirs at law of the decedent, each being a first cousin. The will, which contains no residuary clause, is as follows:

"State of Texas
Harris County

"I the undersigned Effie Slater Harveson of Harris County Texas. Being of sound mind and disposing memory. Do make. publish and. declare This to be my. last Will and. Testament Having personally. destroyed a Will dated Jan 5 1950. Made soon after my Husband's demise. The passing of time impressvely revealed my. misguided anticipation of my. status. In presuming imfringment on the time of others Acts of. requirement's to be rendered in event of. my. passing Hense this adjustment

2

"I hereby. direct that all my. just debts Funeral expenditures. And. all obligations thereto Estate. And household. obligations be paid by. Execntress here in named As. soon as possible after my. demise

3

"I hereby. nominate and appoint Miss Mildred Jones Executress of my. Estate And. direct that no bond or other security shall be required of her. And. that no proceedings be had in the Probate Court Other than the fileing and the probate of my Will And the fileing of inventory and taking the Oath There upon my. Estate be dropped from the docket. over

4

"I herewith advise that My. Executress consult with Atty George Red—of. Texas National Bank. Houston Texas For legal guidance and settleing of. my. Estate judicially.

5

"I herewith bequest to Miss Mildred Jones my. companion Household assistant and. friend for many. years My. Homestead where ever located At present 1815 Terry. Houston Texas. With all furniture and. belongings. With exception of. special bequests seprately listed To simplify This bequest Was. Mutual agreement between my. husband. F Preston Harveson and. my. self. Some years before his. passing. In. recognition of our declining years. Possibility of illness and being left. alone. This brought careful deliberations. A desire to be priviledge of planing the remainder of our allotted time. Self sustaining in the comfort of our own. home. Striving not to be a care to any. one. In conception of our Knowledge of. her loyalty. Tested dependable service rendered us through the past. years in our home. Familar With our. home routine. This Was a gleam. of hope. That. We. planed to follow. In the event she. would continue to remain With us Her companionship in my loneliness and frequent illness since my. Husband's passing She has come to my. rescure in every. need. Friend companion Nurse House keeper. This service rendered with sincere feeling. Which money cannot buy. Our mutual foresight. Has. proven a blessing indeed. Therefore I am concerned that She be provided for. In accordance with our agreement between my. Husband & My. self. This bequest is a. Home and means of. a. live hood for. faithful service rendered. I am most. greatful and. happy to so recompence. This bequest for. Her life time only. Should She wish to sell same and. buy. else where. This is permissible At Her demise. The property to be come the

7

"For. Her service rendered as. Executress of my. Estate. Miss Jones shall receive the same fee. Now allowed by. law to Executress or. administrator

8

"To Miss Mildred Jones I bequest my. Homestead at 1815 Terry St. Lot's 6–7–8–Blk. 9. Cascora Addition Houston Texas. Also 1817· Terry St. Lot's 4 & 5–Blk–9 Cascora. Add.

"Also J. B. Jones. Lot's 17 to 20—Blk 34 —Houston Humble oil Field Harris Co Texas

"Also. 358 S Town Liberty Texas. J I. Younger Survey. 18 Acres Further information regarding My. demise. At. which time I. have prepared that Miss Mildred Jones will take over all preparation of my. passing and. all´my. funeral obligations pertaining to my. demise. She as my Companion for past years Fundermentaly is prepared to follow my, instructions To care for all. proceedings pertaining to my. demise. And It is Very necessary. to consult with George Red pertaining to careful proceeture

"To Miss Mildred Jones

"I declare this to be my. last Will. and. Testament, And. subscribe the same at my. Home 1815 Terry. St. Houston Texas

"In Witness I have set my. hand This the 2 day. of. September 1960

/s/ Effie Slater Harveson

"The above. and foregoing instrument was subscribed by. Effie Slater Harveson the Testatrix in our presence of each other. Here now sign our name's hereto as attesting Witness'es upon the day. and date aforesaid at Houston Texas

"(Witnesses)

"/s/ Mrs. August Louis Kaufmann Sr.
2512 Lone Oak Houston 16, Tex.
"/s/ Mr. August Louis Kaufmann Sr.
2512 Lone Oak Houston 16, Tex."

The trial court's judgment determined that the interest received under the will by the sole named beneficiary, Mildred Jones, was limited to a life estate, not only in the homestead of the decedent but also in each of the properties listed in the decedent's will. Subject only to such life estate, appellees were adjudged vested with and entitled to all of such properties.

The trial court's judgment must be predicated on the determination that the instrument is clear and unambiguous or that the manifest plan or intention of the testatrix can be obtained from the entire instrument. Appellees' position is that the will is unambiguous in its dispositive provisions when considered against the obvious and manifest plan and purpose of the testatrix. Appellees reason that the words in the last part of paragraph five, "Therefore I am concerned that She be provided for" "This bequest is a. Home and means of. a. live hood for. faithful service rendered" and "This bequest for. Her life time only" attach not only to the homestead but also to the other properties which apparently are "bequeathed" without limitation or restriction in paragraph eight.

It is seen that paragraph five begins with an unrestricted "bequest" to Miss Jones of the decedent's homestead, furniture and belongings followed by the testatrix's reasons for making such disposition. It is in this paragraph only that the restrictive or limiting words appear. The intent of the testatrix, even in this single paragraph, cannot be said to be altogether clear. Aside from the uncertainty of its final sentence, the paragraph first contains an unrestricted bequest of the homestead, later it is "for. Her life time only" and then the power "to sell same and. buy. else where" is added.

Paragraph eight of the will is a "bequest" without limitation or restriction of any nature whatsoever. It devises Miss Jones the five separate properties that are named and identified therein. Four of these properties do not otherwise appear in the decedent's will; they are identified and devised in this paragraph only. In addition, it is to be noted that one of the properties "bequeathed" in paragraph eight without limitation or restriction, is the same homestead of the decedent that was

referred to in the preceding paragraph number five of the will.

■ "The application of familiar rules of law with respect to the construction of a will require the court to ascertain the intention of the testator from the language employed in the will as a whole. It is not permissible to accept detached portions thereof. Where one provision of a will cannot be readily reconciled with another the predominant provision as ascertained from the entire will should be construed with respect to the relation of one provision with the other. The predominant clause ought to prevail over a subsidiary clause unless the latter clause clearly or expressly modifies the former.

"A clearly expressed intention of the testator contained in one part of the will should not yield to a doubtful construction in any other portion thereof." Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334, 336.

■ "* * * (T)he predominant idea in the testator's mind, if apparent, is heeded as against all doubtful conflicting provisions which might of themselves defeat it." Heller v. Heller, 114 Tex. 401, 269 S.W. 771, 774.

In the instant case we do not find such predominant provision, predominant idea or predominant clause. We find no clearly expressed intention of this testatrix which accords with the trial court's judgment. We think it might be argued that the only intent apparent from the entire will was to devise all of the properties there itemized to the only beneficiary named in the instrument, Mildred Jones.

The words, "This bequest for. Her life time only" appear only once in the will. They appear and are contained in paragraph five only. There is no mention of this limitation in paragraph eight where all of the other properties are bequeathed. There are no other words of limitation on the estate bequeathed to Mildred Jones anywhere else in the instrument. Without these words there could be no contention that other than a devise in fee of all the properties was intended and made. We cannot agree that these words constitute a "predominant provision" coloring the entire instrument and attaching to each devise of the testatrix.

The question is not whether the words "This bequest for. Her life time only" create a life estate. See Brown v. Wood, Tex. Civ.App., 239 S.W.2d 195, writ ref.; Jackson v. Evans, Tex.Civ.App., 305 S.W.2d 236, writ ref., n. r. e.; Wheat v. Hill, Tex. Civ.App., 317 S.W.2d 575, writ ref. The question is to which property or properties the provision attaches. Herein lies the uncertainty and the ambiguity.

It is seen that there are three dispositive provisions, two in the fifth paragraph and one in the eighth. In the fifth paragraph, the first "bequeaths" the homestead in fee, the second "bequeaths" for life. The third dispositive provision appears in paragraph eight which "bequeaths" in fee all of the enumerated properties including the homestead. There are then three dispositive provisions relating to the homestead, two of which convey a fee interest and the third conveying a life estate. We have one dispositive provision conveying the other four enumerated properties.

■ Of course, all parts of a will should be harmonized if possible. Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527, (1932). Such harmonization, however, should not supply an intent where none is apparent. Neither should it magnify an isolated section of a testatrix's will to embrace the instrument in its entirety unless the intent of the testatrix to do so is apparent from a fair construction of it. "The rule is that if the will is unambiguous the testator's intention must be ascertained from the language used within the four corners of the will, unaffected by any assumption or inference based upon extraneous circumstances." Foy v. Clemmons, 365 S.W.2d 384, writ ref., n. r. e.; Murphy v. Honeycutt, Tex.Civ.App., 199 S.W.2d 298,

writ ref.; Rogers v. Carter, Tex.Civ.App., 385 S.W.2d 563, writ ref., n. r. e. The instant will, however, simply cannot be said to be free of ambiguity.

We are of the opinion that the judgment of the trial court must be reversed and the cause remanded.