**In re ESTATE of Robert Wilson KIRBY, Deceased.**

**No. 5377.**

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1974.

Rehearings Denied Dec. 5, 1974.

Townsend & Townsend, Dallas, for appellant.

John L. Hill, Atty. Gen., Austin, Saner, Jack, Sallinger & Nichols, Louis Nichols, Walker, Choate & Walker, James H. Walker and Leonard E. Choate, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment admitting to probate a holographic instrument (offered by appellees) as the last will of Robert Wilson Kirby, deceased.

There is no statement of facts. The parties stipulated the instrument was in the handwriting of Robert Wilson Kirby, who is deceased; that Mary J. Kirby and Henry J. Kirby mentioned in the instrument are full brother and sister of the deceased; that deceased was a single man with no children; and that the persons referred to in the instrument by given names only are: *Ed*—Edward B. Stanley; *Mable*—Mable C. Stanley; and *Myrtle*—Myrtle E. McKay.

The instrument consists of two pages and reads as follows:

"12/7/70"

"Ed, in appointing you my trustee & Mable alternate, I feel that my property will be in safe hands regardless of whether I am here or not, sick or well and that my wishes will be carried out regardless.

"Therefore we will proceed to have the papers drawn up to make it legal and binding.

"At no time and under no conditions is any real or personal property to be sold at a forced sale and no money to be borrowed except for expenses of administration and taxes.

"You will have a free hand in useing and administering to its best advantage, in every way as though it were your personal property, which it will in a sense after I leave the earth so that my wishes and bequest shall be adhered too. Which is as follows:

"When I leave the body if I ever do, I want it sent to the nearest crematory, no funeral, the ashes sent to Restland in Dallas, the ashes to be poured in the ground covered by a marker placed along side of my wife's on my lot and that is it.

"Mable to receive one third for her use as long as she lives and to be disposed of as she sees fit at her death.

"Myrtle to receive one third for her use as long as she lives and disposed of as she sees fit at her death.

"The Scottish Rite Children's hospital to receive one third for their use in perpetuity.

"One hundred dollars to be paid to Mary my sister & H. J. Kirby my brother.

"If any of the above have died before I do then their bequest remains with estate and goes to the Scottish Rite Hospital, and Mable equal.

"If any the above elect to take their share in real or personal property they may do so at your discretion on appraisal, if it is possible to divide it without damaging the value of the other.

"Your are to have authority to reject and deal I may make if it appears to you to be contrary to my greatest good, and to advise me on any and all business deals of any kind personal or otherwise and reject it if it is not in good business practice in your opinion.

"Wilson Kirby"

Edward B. Stanley offered the instrument in Probate Court No. Two, Dallas

County, which probated same as the will of deceased. Appellants appealed to the District Court which probated the instrument as the last will of deceased; appointed Stanley as Administrator with Will Annexed of the Estate of Robert Wilson Kirby Deceased; decreed appellants take nothing; and ordered the judgment certified to the Probate Court for observance.

Appellants Mary J. Kirby and Henry J. Kirby appeal contending the trial court erred in probating the instrument as the will of deceased because:

1) It shows on its face it was not intended by deceased to be his last will, but that another and subsequent instrument was to be drawn up.

2) It shows on its face that it is not testamentary in character.

3) It shows on its face, or the instrument to be drawn up, was to be effective during the life of deceased.

4) It makes no disposition of any property.

The question before us is whether the instrument is a will. We are not concerned with construction of such instrument, but solely whether it is a will. Langehenning v. Hohmann, 139 Tex. 452, 163 S.W.2d 402.

Our Supreme Court in Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 733, held: *"An instrument is not a will unless it is executed with testamentary intent. The animus testandi does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, but upon his intention to create a revocable disposition of his property to take effect after his death. It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate. Caywood v. Caywood, Tex. Civ.App., 216 S.W. 821, wr. ref.; 68 C.J.* 604, Sec. 225; 57 Am.Jur. 45, Sec. 8, et seq.".

Caywood, supra cited in Hinson supra, and a case from this court "writ of error refused", held; " * * * if the language, taken by itself, indicates a definitely formed purpose that in event of his death his niece should have all of his property, and if it was his intention so to declare, he had made a will though he may not have known it; that is to say, he may have erroneously supposed that it was necessary to repeat this declaration by certain formalities which he technically called a will. *If, on the other hand, he meant only to say that he expected to make a will and to state how he intended to dispose of his property in such will, then the language used would not constitute a will"*.

To the same effect is Price v. Huntsman, Waco, Tex.Civ.App., NRE, 430 S.W. 2d 831.

■ The intent must be drawn from the language of the instrument. In determining testamentary intent the true purpose of the inquiry is to ascertain not what the writer meant to express apart from the language used, *but what the words he used do express.* Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885.

■ And such intent of the writer will be drawn from the language employed in the instrument as a whole. Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334; Hinson v. Hinson, supra; and if such intent can be ascertained from a reading of the whole instrument, such intention must be given effect, however informal the language used. Where the language of the instrument is plain and unambiguous, the court cannot give it a meaning different from that warranted by its words merely for the purpose of carrying into effect a conjecture or hypothesis as to the writer's intention by changing such language. McMullen v. Sims, Tex.Com.App., 37 S. W.2d 141.

40 A.L.R.2d 714 states the rules thusly: "An essential to the testamentary character of a letter is that the writer intend by that very instrument to make a posthumous disposition of his property. When, therefore, the language used clearly indicates that the writer does not intend the letter in question to have that effect, * * * the courts hold the letter not to be testamentary in character. The majority of the cases which fall in this category appear to be concerned with statements to the effect that the writer intends to make a will in accordance with the information given in the letter, (or involve letters written to attorneys with instructions for the attorney to draw up a will in accordance with such instructions). In both such types of cases, the reference is to future conduct on the part of the writer."

 Did deceased here intend the instrument to be his will? We think not, because in the second paragraph he stated "Therefore we will proceed to have the papers drawn up * * "

Thus deceased stated he intended and expected to make a will in accordance with the information given in the letter; and did not intend the letter to Ed itself to be his will. The will itself was to be prepared in the future.

Further the writing (and the one to be drawn up) shows on its face that it is to be effective during the lifetime of the writer.

The words in paragraph four: " * * * my wishes and bequest shall be adhered to as follows * * * " might effectively pass the decedents property if properly executed and intended as a will. We are not permitted, however, to lift such statements out of context, but must consider them in the light of *all* provisions in the written instrument. Hinson v. Hinson, supra points 5 and 6. And as noted paragraph two of the writing is clear and unambiguous that

further papers were to be prepared in the future.

Probate of the letter to Ed as the will of deceased would be totally contrary to the intent of the deceased as clearly and unambiguously expressed in paragraph two, which paragraph must be taken in consideration and given effect.

Appellants' points 1 thru 4 are sustained.

The judgment is reversed; judgment is here rendered denying probate of the instrument and dismissing Stanley as Administrator; and the trial court is ordered to certify the foregoing to Probate Court No. 2 of Dallas County.

Reversed and rendered.