**46**

Mary J. KIRBY and Henry J. Kirby, Petitioners,

v.

Hon. David D. JACKSON, Judge of Probate Court No. 2 of Dallas County, Texas, Respondent.

No. 5548.

Court of Civil Appeals of Texas, Waco.

Feb. 5, 1976.

Townsend & Townsend, J. N. Townsend, Jr., Dallas, for petitioners.

Saner, Jack, Sallinger & Nichols, Louis Nichols, David D. Jackson, Judge, Dallas, for respondent.

## OPINION

JAMES, Justice.

This is an original proceeding, a petition for writ of prohibition against the Judge of Probate Court No. 2 of Dallas County, Texas. We deny the petition.

Petitioners Mary J. Kirby and Henry J. Kirby are the sole and only heirs of Robert Wilson Kirby, Deceased. On March 26, 1973, Edward B. Stanley filed an application to probate an instrument asserted to be the will of Robert Wilson Kirby, Deceased, alleging that in said instrument the decedent Kirby appointed Stanley as Independent Executor without bond. Stanley sought probate of the instrument and letters testamentary. The said Mary J. Kirby and Henry J. Kirby, Petitioners in the case at bar, contested Stanley's application on the grounds that the instrument was not a will, and that Stanley was not entitled to letters testamentary or of administration therein.

The matter was tried in Probate Court No. 2 of Dallas County, Texas, Respondent in the case at bar, which court ordered probate of the instrument as the will of deceased Kirby, and granted letters of administration to Stanley as "Administrator with the Will annexed."

Thereafter, Petitioners Mary J. Kirby and Henry J. Kirby appealed from the Probate Court's order probating the instrument and appointing Stanley administrator, to the 191st District Court of Dallas County, Texas, which last-named court affirmed the probate court; whereupon Petitioners Kirby appealed to the Court of Civil Appeals.

The cause was heard by this Court, the Tenth Court of Civil Appeals sitting at Waco, Texas, upon its having been transferred from the Fifth Court of Civil Appeals, sitting at Dallas, Texas, by the Supreme Court of Texas. Whereupon, this Court on October 31, 1974, rendered judgment reversing said District Court and Respondent

Probate Court No. 2, thereby denying probate of the instrument in question, dismissing Stanley as administrator, and taxing costs against Stanley. For the opinion in said cause, see *In re Estate of Robert Wilson Kirby, Deceased,* (Waco, Tex.Civ.App., CA 1974) 516 S.W.2d 284, error refused NRE. Said opinion contains the following language:

> "The judgment is reversed; judgment is here rendered denying probate of the instrument and dismissing Stanley as Administrator; and the trial court is ordered to certify the foregoing to Probate Court No. 2 of Dallas County.
>
> "Reversed and rendered."

As stated above, the Supreme Court of Texas thereafter refused a writ of error, "No Reversible Error", and the decree of the Court of Civil Appeals became final. Thereafter, the decree was certified by the 191st District Court of Dallas County, Texas, to Probate Court No. 2 of Dallas County, Texas, for observance.

Subsequently, on July 31, 1975, Stanley filed in Respondent Probate Court No. 2 of Dallas County, his "Application for Attorney's Fees" for the allowance from the Estate of Robert Wilson Kirby, Deceased, for asserted reasonable attorney's fees in the amount of $4500.00 for legal services allegedly rendered in behalf of said estate.

On August 8, 1975, Petitioners Kirby filed an answer contesting the allowance of such attorney's fees as well as a Motion for Summary Judgment asking said court to strike said claim from the court's docket.

On October 15, 1975, Stanley filed his "Amended Application for Attorney's Fees" specifically seeking recovery under Section 243 of the Texas Probate Code, and alternatively praying for recovery of attorney's fees under Section 242 of the Texas Probate Code.

On October 21, 1975, Respondent Probate Court ruled upon Petitioner's Motion for Summary Judgment by sustaining Petitioner's Motion as to the request for attorney's fees under Section 243 and overruling (denying) said motion as to the request for attorney's fees under Section 242. No appeal was prosecuted by Stanley from Respondent Probate Court's order sustaining the above-mentioned portion of the summary judgment.

The record shows a letter from Respondent Probate Court to the attorneys for Stanley and Petitioners Kirby stating: "Counsel for Mr. Edward Buck Stanley may seek a setting for proof of attorney's fees necessarily incurred in connection with the proceedings and management of the estate." In other words, Respondent Probate Court by its summary judgment and its letter has indicated an intention to allow a hearing to be had to hear proof of attorney's fees in connection with the proceedings and management of the estate under the provisions of Section 242 of the Texas Probate Code. It is at this juncture that Petitioners Kirby filed this original proceeding in the Tenth Court of Civil Appeals for a writ of prohibition against Respondent Probate Court No. 2 of Dallas County, Texas, to prohibit and enjoin said Probate Court from "further continuing to litigate the claims of Stanley in this matter_____."

We cannot grant the relief sought by Petitioners. The writ of prohibition is an extraordinary remedy which is only granted in extreme cases of necessity and not for grievances which may be redressed in ordinary proceedings at law. *Stone v. Kuteman* (Amarillo, Tex.Civ.App., CA 1941) 150 S.W.2d 107, no writ; *Boothe v. Nelson* (Amarillo, Tex.Civ.App., CA 1959) 321 S.W.2d 321, no writ; *Burch v. Johnson* (El Paso, Tex.Civ.App., CA 1969) 445 S.W.2d 631, no writ; *Hebert v. Probate Court No. 1 of Harris County* (Houston 14th Tex.Civ. App., CA 1971) 466 S.W.2d 849, no writ. Also see 46 T.J.2d, "Prohibition", Section 5, page 448.

Here, Petitioners have complete and adequate relief by way of appeal from an adverse order of Respondent Court (which has not been made as yet) under Section 312(e) of the Texas Probate Code.

It has been held that an appeal is the exclusive remedy to contest an order of the probate court in allowing payment of claims

against an estate. *Usher v. Wendell* (Corpus Christi, Tex.Civ.App., CA 1968) 430 S.W.2d 684, NRE. Also see *Dallas Joint Stock Land Bank of Dallas v. Forsyth* (Comm.App.1937), 130 Tex. 563, 109 S.W.2d 1046, opinion adopted by our Supreme Court.

The writ of prohibition is denied.

WRIT DENIED.