**Joyce HOUSE et al., Appellants,**

v.

**REPUBLICBANK BROWNWOOD, National Association et al., Appellees.**

No. 11–82–057–CV.

Court of Appeals of Texas, Eastland.

Sept. 30, 1982.

Roger L. Glandon, Glandon, Erwin, Scarborough, Baker, Choate & Arnot, Abilene, for appellants.

Stephen Ellis, Dist. Atty., Don W. Clements, Brownwood, Kenneth Dewbre, Oklahoma City, Okl., for appellees.

McCLOUD, Chief Justice.

Republicbank Brownwood, National Association, Successor Trustee of the Charles Sandler Trust and the Netta Sandler Trust, filed suit seeking a declaratory judgment as to whether or not payment of trust income should be made equally to all of the children, both minors and adults, of Melvin Sandler, deceased. Melvin was one of the two children of Charles and Netta Sandler. The trial court construed the wills of Charles and Netta Sandler to provide that only grandchildren who have not reached majority or have otherwise been emancipated are entitled to trust income. The two adult children of Melvin Sandler, Lorrie Sandler Kwong and Leesa Sandler Mischke, and their mother, Joyce House, appeal. They contend that their father's portion of the trust income is to be equally divided between the four grandchildren of Charles and Netta Sandler. Brenda Sandler, individually and as next friend of the minor children of Melvin Sandler, Cassandra Sandler and Netanya Golda Sandler, argues that under the wills of Charles and Netta Sandler, only the minor grandchildren are entitled to the trust income. We reverse and render.

Charles and Netta Sandler were husband and wife. They executed wills containing similar trust provisions on February 7, 1969. At that time they had two children, a son, Melvin, and a daughter, Zelda. When Charles and Netta Sandler executed their wills Melvin was married to Joyce Sandler (now Joyce House), and they had two minor children, Leesa (now Leesa Sandler Mischke who was born April 25, 1956) and Lorrie (now Lorrie Sandler Kwong who was born May 21, 1958). Netta Sandler died in 1979, and Charles Sandler died in 1980. After the death of both of his parents, Melvin Sandler divorced Joyce Sandler and married Brenda Sandler. Two children were born of that marriage, Cassandra and Netanya

Golda, both now minors. Melvin Sandler then died leaving the four children in question, two adults and two minors.

The result of the trial court's ruling is that the only grandchildren that Charles and Netta Sandler knew, Lorrie and Leesa, receive none of the income from their grandparents' trusts, and all of the income is to be paid to Cassandra and Netanya Golda, who had not been born when Charles and Netta died.

The language creating the problem is found in paragraph V of the will of Charles Sandler which provides:

> Following the death of my wife, the remaining Trustee, which will be the First National Bank in Cisco, is authorized to pay, at periodic intervals, the net income from the trust estate herein created to our two children, equally, or if one of them should pass away, the deceased child's one half shall be paid to the *legal guardian* of the children of such deceased child. (Emphasis added)

Netta Sandler's will contains a similar provision.

The next friend for the minor grandchildren urges the application of the "Plain Meaning Rule," and argues that paragraph V unambiguously provides that income from the trust is to be paid only to those minors having a "legal guardian." See Bailey, Texas Law of Wills, Section 563 (Texas Practice 1968). She asserts that only Cassandra and Netanya Sandler are entitled to receive trust income because they are the only minor grandchildren, and she is their "natural guardian" under Tex.Prob.Code Ann. Section 109(a) (Vernon 1980). We disagree with this position.

The appropriate rule to be followed was stated in *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412 (1887) as follows:

> In construing the will, all its provisions should be looked to, for the purpose of ascertaining what the real intention of the testatrix was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent must yield to

the intention manifested by the whole instrument.

See also *Darragh v. Barmore,* 242 S.W. 714 (Tex.Comm'n App.1922, judgmt adopted).

Paragraphs IIIA(4) and IV of the wills in question clearly provide that the trust property, including income, is for the benefit of all of the children of Melvin Sandler. There is no indication that only minor children who have a "legal guardian" are to be benefitted. When Charles and Netta Sandler executed their wills their only grandchildren, appellants, were minors. We construe Paragraph V to mean that upon the death of Melvin Sandler, his "one-half" should be paid equally to his children, and if a child of his is at that time a minor or incompetent, that child's interest in the income from the trust shall be "paid" to such child's "legal guardian."

The court in *Irons v. Fort Worth Sand & Gravel Co.,* 260 S.W.2d 629 (Tex.Civ.App.— Fort Worth 1953, writ ref'd n.r.e.) said:

> It is the rule that courts will not, without strong and decisive reasons, construe subsequent provisions of a will to lessen the estate theretofore devised. In *Benson v. Corbin,* 145 N.Y. 351, 40 N.E. 11, 12, it is said: " * * * where there is primarily a clear and certain devise of a fee, about which the testamentary intention is obvious and without ambiguity, the estate thus given will not be cut down or lessened by subsequent words which are ambiguous or of doubtful meaning. * * * the circumstance or the reason must be strong and decisive where the construction collides with a plain devise in fee, and forces a change of its terms by cutting it down to a lesser estate. We do not easily trade a certainty for a doubt."

Our Supreme Court in *Burney v. Burney,* 145 Tex. 311, 197 S.W.2d 334 (1946) said:

> A clearly expressed intention of the testator contained in one part of the will should not yield to a doubtful construction in any other portion thereof.

This Court cited with approval the following statement from Schuler on Wills, 5th Ed., Vol. 1, page 595, Sec. 476: "The

general intent and particular intent being inconsistent the latter must be sacrificed to the former." *Heller v. Heller,* 114 Tex. 401, 269 S.W. 771, 774.

The judgment of the trial court is reversed, and we render judgment that all four children of Melvin Sandler share equally in their deceased father's interest in the income from the trust estates.