

**NUMBER 13-09-00065-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN THE ESTATE OF
ROBERTO FLORES MARQUEZ, DECEASED**

**On appeal from the Probate Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellant, Laura Perez, challenges the probate court's denial of her application to probate a purported holographic will executed by her deceased husband, Roberto Flores Marquez. *See* TEX. PROB. CODE ANN. § 84(c) (Vernon Supp. 2008). We affirm.

## I. BACKGROUND

Marquez, a resident of Mexico City, died in an auto accident on February 7, 1990. According to Perez, Marquez owned real and personal property in both Mexico and Hidalgo County, Texas, worth over one million dollars in total. Perez claims that she discovered a document she believed to be Marquez's handwritten will in 2006 "while cleaning up boxes in her apartment in Mexico." On November 1, 2006, Perez filed an "Application to Probate

a Holographic Will and for Issuance of Letters of Administration" with the Hidalgo County probate court pursuant to sections 73(a) and 81(a) of the Texas Probate Code. *See id.* § 73(a) (Vernon 2003), § 81(a) (Vernon Supp. 2008).

The purported will was actually a letter from Marquez to Perez dated October 18, 1989. According to Perez, Marquez wrote the letter because he was unsure that he had effectively expressed his testamentary wishes in a previously-executed formal written will, which was subsequently lost or destroyed. The letter, as translated from Spanish to English by a licensed court interpreter, states in its entirety as follows:

Hi Laura

As I once promised you, I just finished my will in McAllen. The only thing I hope is that these *gringos* have correctly understood what I left you, since they [sic] are some lots in my name in Mexico. This way you are not going to have any problems with my family. That's what I hope. I love you *hija*.

Roberto

(Emphases in original.)

At a hearing on March 21, 2007, the probate court heard testimony from Perez and two other witnesses identifying the handwriting on the letter as that of Marquez. Nevertheless, the court denied Perez's application by written order on January 12, 2009. This appeal followed.

## II. DISCUSSION

On appeal, Perez contends that the probate court erred by denying her application because she met the requirements for probating a holographic will. Section 84(c) of the Texas Probate Code provides: "If not self-proved as provided in this Code, a will wholly in the handwriting of the testator may be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or affidavit taken in open court . . . ." *Id.* § 84(c). Perez does not dispute that the October 18, 1989 letter was not self-proving under the probate code. Accordingly, she produced the testimony of two witnesses to prove that the

2

handwriting on the letter belonged to Marquez.

Generally, the uncontroverted opinion testimony of two witnesses is sufficient to identify the handwriting in a will as that of the testator. *In re Mateer's Estate*, 296 S.W. 907, 908-909 (Tex. Civ. App.–Texarkana 1927, writ ref'd). Here, however, the record reflects that the probate court ruled as it did not because it was unconvinced that the handwriting on the letter belonged to Marquez, but rather because it concluded that the letter itself does not constitute a will. We agree with that determination.

An instrument is not a will unless it is executed with testamentary intent. *Hinson v. Hinson*, 154 Tex. 561, 564, 280 S.W.2d 731, 735 (1955); *In re Estate of Steed*, 152 S.W.3d 797, 812 (Tex. App.–Texarkana 2004, pet. denied); *Ayala v. Martinez*, 883 S.W.2d 270, 272 (Tex. App.–Corpus Christi 1994, writ denied). The sufficiency of the intent does not depend on the maker's realization that he or she is making a will, or on the maker's designation of the instrument as a will, but on his or her intention to create a revocable disposition of the property to take effect after the maker's death. *Hinson*, 154 Tex. at 564, 208 S.W.3d at 733; *Steed*, 152 S.W.3d at 812. Moreover,

> [a]n essential to the testamentary character of a letter is that the writer intend *by that very instrument* to make a posthumous disposition of his property. When, therefore, the language used clearly indicates that the writer does not intend the letter in question to have that effect, . . . the courts hold the letter not to be testamentary in character.

*In re Estate of Kirby*, 516 S.W.2d 284, 287 (Tex. Civ. App.–Waco 1974, writ ref'd n.r.e.) (citing 40 A.L.R. 2d 698, at *7) (emphasis added).

It is apparent that Marquez did not write the October 18, 1989 letter with the requisite intent. In the letter, Marquez references the fact that he had "just finished" a formal written will in which he left some property to Perez. While the formal written will was never located, the reference to it in the October 18, 1989 letter indicates that Marquez did not intend for "*that very instrument*"—i.e., the letter—to effectuate a disposition of his property after his death. *See id.* Instead, Marquez clearly intended for his previously-executed formal written

3

will to serve that purpose. The October 18, 1989 letter merely expressed Marquez's concern that his testamentary wishes, as set forth in his formal will, would not be "correctly understood"; it did not purport to provide for any additional disposition of property upon Marquez's death.

For the foregoing reasons, we conclude that Marquez did not intend the October 18, 1989 letter to be his will. Because the letter was not executed with testamentary intent, it did not constitute a will. *See Hinson*, 154 Tex. at 564, 280 S.W.2d at 735. Accordingly, the probate court did not err by denying Perez's application to probate the letter. Perez's sole issue is overruled.

## III. CONCLUSION

We affirm the judgment of the probate court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 22nd day of October, 2009.

4