**FEDERAL LAND BANK OF HOUSTON et al. v. LITTLE et al.**

No. 4616.

Court of Civil Appeals of Texas. Texarkana.
Feb. 11, 1935.

Rehearing Denied Feb. 14, 1935.

Rowell & Rowell, of Jefferson, Lewis Rogers and B. C. Billingsley, both of Houston, and Cedric Taylor, of Wichita Falls, for appellants.

T. W. Davidson, of Dallas, F. H. Prendergast and Geo. Prendergast, both of Marshall, and P. G. Henderson, of Jefferson, for appellees.

SELLERS, Justice.

J. R. Little and a number of others, appellees herein, brought this suit in trespass to try title against the Federal Land Bank of Houston, Rogers National Bank of Jefferson, appellants herein, and several others not necessary here to name. The suit involved several tracts of land in Marion and Harrison counties, Tex. The sole question presented by this appeal is the proper construction to be placed on the will of J. D. Little. The will in full provides:

"J. D. Little of Marion County, State of Texas, being of sound mind and memory do Make, Publish and Declare this to be my last will and testament:

"To-wit, first, all my just debts and funeral expenses shall be first fully paid, then I set aside One Thousand Dollars for Monument. Second, I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal to my son, L. T. Little, to

have and to hold to him and his heirs forever, in the event L. T. Little should die without· an heir my estate to be divided equally between the heirs of H. H. Little, Mary Davidson and R. C. Little.

"Third, I appoint my son to be the executor of this my will testament.

"J. D. Little

"Signed, Sealed, published and declared as and for his last will and testament by the above named testator in our presence who have at his request and in his presence and in the presence of each other signed our names as witnesses thereto July 12, 1902.

"Witnesses:   T. H. Little

"D. H. L. Smith."

By an agreed statement of facts it is made to appear that J. D. Little was married to Mary Jane Maddux, October 20, 1864. There was born to them one child, a son named L. T. Little. The land involved was community property of J. D. Little and his wife. The wife, Mary Jane Little, died intestate in 1894, and her community interest in the land is not in dispute on this appeal.

L. T. Little was married twice, his first wife dying without issue and intestate. He married a second wife on March 15, 1914. To them were born two children, both of whom died in infancy and before the death of their father, L. T. Little. On May 4, 1904, the will of J. D. Little was duly probated in Marion county, Tex., and L. T. Little qualified and acted thereunder, managing, using, and disposing of some of the property.

L. T. Little died March 29, 1926, leaving his wife surviving, to whom he, by will duly probated, left all his interest in the property here involved. And appellants' claim herein to the property is by virtue of deeds of trust duly executed by Mrs. L. T. Little as surviving wife and sole devisee under this will.

H. H. Little and R. C. Little were brothers of J. D. Little, and Mary Davidson was his sister. R. J. Little and the other appellees herein are the heirs of H. H. Little, R. C. Little, and Mary Davidson.

The case was tried before the court without a jury; and with the agreed facts hereinabove set out before it, the trial court gave judgment to appellees for title to the community interest of J. D. Little in the property, and denied appellants a foreclosure of their lien against such interest.

The single question to determine is: What estate in the lands involved passed to L. T. Little under the will of his father, J. D. Little?

■ The cardinal rule of testamentary construction is to ascertain the intention of the testator and give it effect where legally possible. Kostroun v. Plsek (Tex. Com. App.) 15 S.W.(2d) 220. A will to be construed is rarely in exactly the same language as another will construed in any reported case, but is usually a thing unto itself. Accordingly, it has been said that courts in the construction of wills are not to adhere rigidly to precedent unless they are in every respect directly in point. Adjudicated cases have, however, established certain rules of construction which should be followed unless it appears that a different meaning was intended by the testator by the language used. Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714.

■■ In construing a will all its provisions must be looked to for the purpose of ascertaining the real intention of the testator, and if this can be ascertained from the language of the instrument, then any particular paragraph, sentence, or phrase, which if construed alone might indicate a contrary intent, must yield to the intention manifested by the whole instrument. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412.

Where the testator's intention is manifest from the context of the will and surrounding circumstances, but is obscured by an inaccurate mode of expression, the language will be subordinated to the intention in order to carry out the intention of the will. The court, so far as possible, will depart from the strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, and for such purpose may change the language of the will such as rejecting superfluous words, or restrict them in their application. This rule, of course, only applies where it is necessary in order to effectuate the testator's intention clearly apparent from the will. Where the language of the will is plain and unambiguous, the court cannot give it meaning different from that warranted by its words merely for the purpose of carrying into effect a conjecture, or hypothesis as to the testator's intention by changing such language. McMullen v. Sims (Tex. Com. App.) 37 S.W.(2d) 141.

■ The language in the will of J. D. Little, quoting, "I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal to my son L. T. Little to have and to hold to him and his

heirs forever," conferred upon L. T. Little a fee-simple estate in the land involved, subject only to such limitations as the language thereafter used imposed. Article 1291, R. S. 1925.

Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they by a fair construction in harmony with the will as a whole are capable of passing. Hughes v. Titterington (Tex. Civ. App.) 168 S. W. 45; Hancock v. Butler, 21 Tex. 804.

We think the language used by the testator, "in the event L. T. Little should die without an heir," must be construed to mean an heir of his body. This construction is manifest, we think, because if the word "heir" had been used in its technical sense, meaning the person or persons appointed by law to succeed to the estate in case of intestacy, volume 2, p. 1432, Bouvier's Law Dictionary (Rawle's 3d Rev.), a situation could arise whereby the very parties named in the will to receive the property in case of the death of L. T. Little without an heir would become the heirs of L. T. Little and they would take by inheritance under him rather than under the will of J. D. Little. In other words, "heirs" in its strict sense would include as heirs of L. T. Little all the heirs of H. H. Little, Mary Davidson, and R. C. Little; they being his own blood uncles and aunt. And that provision of J. D. Little's will whereby he gave the property on the death of L. T. Little without an heir to the heirs of H. H. Little, Mary Davidson, and R. C. Little, could never become effective; and it will never be presumed that the testator in making a specific bequest intended to do a useless thing. Briant v. McGown (Tex. Civ. App.) 15 S.W.(2d) 1110.

If we are correct in our interpretation of what the testator meant by the use of the term "an heir," then the limitation placed upon the estate given L. T. Little in the will would read: In the event L. T. Little should die without an heir of his body, my estate to be divided equally between the heirs of H. H. Little, Mary Davidson, and R. C. Little. The effect of such a limitation in the will, in our opinion, would be to give L. T. Little an estate in fee in the land, defeasible, however, upon the happening of the stipulated contingency, to wit, L. T. Little's death without an heir of his body, in which event the executory devise over to the heirs of H. H. Little,

Mary Davidson, and R. C. Little took effect. Darragh v. Barmore, supra, and authorities there cited.

The devise of such property to L. T. Little with the provision that, if he should die without an heir of his body, the property devised shall pass to the heirs of H. H. Little, Mary Davidson, and R. C. Little, means L. T. Little's death at any time, even after the death of the testator. St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S. W. 425, 132 Am. St. Rep. 886.

It follows that appellees upon the death of L. T. Little took under the will of J. D. Little a fee-simple title to a one-half interest in the land involved.

The judgment of the trial court is affirmed.