## TAYLOR v. FIRST NAT. BANK OF WICHITA FALLS et al.
### No. 14909.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 16, 1948.

Wallace N. Masters, of Wichita Falls, for appellant.

H. M. Muse, of Wichita Falls, for appellee Fannie Holloway.

Arch Dawson, of Wichita Falls, for appellee Addie Lou Murrell.

W. H. Caldwell, of Fort Worth, for appellees Don H. Taylor, Don A. Dodge and Bill A. Dodge.

Davenport & Anderson, of Wichita Falls, for appellee L. B. Taylor.

Allan Montgomery (of Nelson, Montgomery & Robertson), of Wichita Falls, for First Nat. Bank, Trustee.

HALL, Justice.

The will of C. T. Taylor, deceased, was probated in 1933, the portion in question being as follows:

"Second: I give and bequeath to my six (6) living children, to-wit, J. J. Taylor, L. B. Taylor, H. H. Taylor, Tommy Taylor, Addie Lou Murrell and Fannie Holloway, and to my two (2) grand-children, Irene Dodge and Don Taylor, all of my property, real, personal and mixed, one share each to my children and one share to my two grand-children above named; that is to say, my two grand-children will take only one share, or such interest as their father would have taken had he lived, to be held, used and enjoyed by them, and each of them, during their respective lives, but the remainder at their death to their then surviving children, or grand-children; the intention being to grant to each of my said children and to my two grand-children above named, a life estate only in my property with remainder at their death to their then living children or grand-children.

"Third: In the event that any of my children die before I do without leaving

surviving him or her, children or grand-children then such share as would have passed to said child under the terms of this will, shall thereupon vest in like manner in accordance with the preceding paragraph in the remaining children and grand-children above named, share and share alike.

"Fourth: Should such child pre-decease me, but leave surviving him, or her, children or grand-children, then such interest as would have passed to said child shall thereupon vest in their children or grand-children, share and share alike.

"Except, these two last provisions are qualified that in the event of the death of either Don Taylor or Irene Dodge, without issue, either before or after my death, such interest as is conveyed under this will to either of said grand-children, shall thereupon pass to the other surviving grand-child.

"Fifth: In the event that any of my children above named die without leaving children or grand-children surviving them, then such interest which would otherwise have vested in said children or grand-children of such deceased child, shall pass to my remaining surviving children and grand-children share and share alike; it being always understood however, that when the term 'grand-children' is used, that such grand-children shall receive only such portion of said estate as their parent would have received had he, or she, lived, that is, the grand-child, or grand-children shall stand in the place of his, or their parent had the parent received a vested fee-simple estate to the share allotted as a life estate."

Claire Shanks and others brought the suit against the First National Bank of Wichita Falls, Texas, trustee of such estate, to recover a portion of same. Appellant, L. B. Taylor, Jr., was one of the defendants brought in by the cross-action along with all other descendants of C. T. Taylor, deceased, including all unborn heirs, the purpose of which was to have the will construed. In compliance with the contingencies set out in paragraph 2 of said will, five of his children and two of his grandchildren as devisees acquired their respective life estates, one of his children, to-wit: Tommy Taylor, having been taken care of by a codicil under a trust.

In 1947 one of the life tenants, to-wit: H. H. Taylor, died leaving no children or grandchildren surviving him. This situation under the contingencies set out in paragraph 5 presented the question for the trial court to decide, the same being the sole question raised by this appeal, is whether the property which had been held for life by H. H. Taylor, deceased, under the will of C. T. Taylor passed to the other life tenants in fee, as contended by appellees, or whether they took such property for life with remainder over to their children and grandchildren, as contended by the appellant.

The trial was to the court, which held with the appellees as follows:

"The proper construction of the Will of C. T. Taylor, deceased, and the codicil thereto is that if any of the life tenants under the terms of said Will die without leaving children surviving them, that the remaining brothers and sisters of said deceased life tenant and the children if any of any deceased brothers and sisters are entitled to receive the proportions of such deceased life tenant in fee and not as life tenants."

From such construction or interpretation of the will, L. B. Taylor, Jr. a remainder-man, appeals through his attorney and guardian ad litem.

The single point upon which this appeal is predicated is as follows:

"The trial court erred in its holding that the proper construction of the will of C. T. Taylor and the second codicil thereto is that if any of the life tenants under the terms of the will die without leaving children surviving them, that the remaining brothers and sisters of the deceased life tenant and the children, if any, of any deceased brothers and sisters are entitled to receive the proportion of such deceased life tenant in fee and not as life tenants, the proper construction being that surviving brothers and sisters should take for life only with remainder to their children in fee."

The appellant submits the well known cardinal rule in the construction of the will, which is that the intention of the testator, in so far as it is not in conflict

with law, should be ascertained and followed; that where there is a testamentary plan outlined in the will it should be adhered to and that the general intent of the testator overrides all mere technical and grammatical rules of construction, citing Hughes v. Mulanax, 105 Tex. 576, 153 S.W. 299, and Cooper v. Horner, 62 Tex. 356. His contention is that the will of C. T. Taylor indicated a general testamentary plan, outlined in the second paragraph of his will, supra, which provides for life estates to his children and to two of his grandchildren, with remainder to their children and grandchildren in fee; that such general plan should be followed throughout the will, and that since paragraph 5 is not limited in effect to children dying before or after the testator's death, and as the contingency of a child predeceasing the testator and leaving no children has been covered previously by the third paragraph, unless the fifth paragraph is interpreted as directing that the property pass in the same manner as under the third paragraph, the third and fifth paragraphs are in irreconcilable conflict. He relies upon another rule stated in Jones' Unknown Heirs v. Dorchester, Tex. Civ.App., 224 S.W. 596, 601, writ refused, to the effect that a later clause in a will must be deemed to affirm, not to contradict, an earlier clause if such construction can fairly be given. He asks this court to interpret the will so that the conflict could be reconciled by inserting words to make the fifth paragraph read "such interest * * * shall pass in accordance with the second paragraph to my remaining children and grandchildren", the same as the testator did in the third paragraph.

■ We construe paragraph 3 as dealing with lapsed legacies and therefore has no bearing upon or should not be construed in connection with paragraph 5. This paragraph no doubt was inserted to prevent any of testator's property from passing as though he died intestate. 44 Tex.Jur. 805-809.

Paragraph 4 is in compliance with Article 8295, R.C.S., and deals with possible contingencies, none of which became effective; hence we are not concerned with its provisions in interpreting paragraph 5.

The death of H. H. Taylor in 1947, without issue, invoked the terms and conditions set out in paragraph 5, the construction and/or interpretation of which is the duty placed upon the court in order to determine the sole issue presented in this case, to-wit: What became of the one-sixth remainder in which H. H. Taylor, deceased, enjoyed a life estate, he having no children or grandchildren for it to vest in fee under paragraph 2.

■ There are many rules of law surrounding the construction of a will but there is one over-all rule, which is to the effect that there is no set rule that will fit the construction of every will, and therefore each case must stand under its own facts and the general rules applying thereto, such as,

(1) The courts are required to ascertain the intention of the testator from the language employed in the will as a whole

■ (2) The predominant clause ought to prevail over a subsidiary clause unless the latter clause clearly or expressly modifies the former.

■ (3) A clearly expressed intention of the testator contained in one part of the will should not yield to a doubtful construction of any other portion thereof. Burney v. Burney, 145 Tex. 311, 197 S.W. 2d 334.

■ (4) The presumption is that a will contains no meaningless or superfluous expressions. Curtis et al. v. Aycock et al., Tex.Civ.App., 179 S.W.2d 843; Houston Bank & Trust Co. et al. v. Lansdowne, Tex.Civ.App., 201 S.W.2d 834, writ refused, no reversible error.

■ (5) Where the language of a will leaves it uncertain as to whether a greater or lesser estate was intended to be devised, the greater estate will be held to have vested in the devisee. Wykes et al. v. Wykes, Tex.Civ.App., 174 S.W.2d 333, writ refused.

■ (6) If the instrument is manifestly plain and unambiguous, it alone must be held to be the sole evidence of the decedent's intention.

(7) In construing a will the testator's intention is our first concern and it con-

trols the construction. Bittner et al. v. Bittner et al., Tex.Com.App., 45 S.W.2d 148.

 (8) The presumption is that testator will treat all children and grandchildren alike. McGrede et al. v. McGrede et al., Tex.Civ.App., 200 S.W.2d 638.

 (9) It is the general rule that where there is an irreconcilable conflict between two clauses of a will, the later clause will prevail as being the latest expression of the testator's intention. Martin et al. v. Dial et al., Tex.Com.App., 57 S. W.2d 75, 89 A.L.R. 571; Stanley et al. v. Henderson et al., 139 Tex. 160, 162 S.W. 2d 95.

 (10) The rule, however, that every part of a will must be given effect if possible is subordinate to the rule that a devise shall be deemed a fee simple unless limited by express words. Winfree et al. v. Winfree, Tex.Civ.App., 139 S.W. 36, writ refused.

 Under the guidance of the above and many other rules pertaining to interpreting or construing a will, and keeping in mind at all times that the estate must vest in the fee as quickly as the terms of the will permit, we have come to the conclusion that the following words in paragraph 5, to-wit: "In the event that any of my children above named die without leaving children or grand-children surviving them, then such interest which would otherwise have vested in said children or grand-children of such deceased child, shall pass to my remaining surviving children and grand-children share and share alike", vest title in fee in the class or classes of persons named therein.

 We find that the only general plan outlined in the will is that the first takers at the death of the testator take only a life estate. There is nothing in the will that establishes the fact that the portions of these remaindermen going to the surviving brothers and sisters of each other on their death, without issue, are merely life estates in such brothers and sisters with remainder over to their surviving children and/or grandchildren. This would indicate an intention on the part of the testator to devise a double or even possibly six life contingencies upon the same piece of property.

The testator devised his property in life estates to his five living children per capita, with remainder to their respective children or to the testator's grandchildren by stirpes, and a sixth portion to one of his deceased children by stirpes.

 If testator desired that the remainder of H. H. Taylor's life estate vest in his children with an intermediate life estate in the remainder of his children and the two grandchildren named in paragraph 2, all he had to do was to say so. This could very easily have been accomplished by reverting said life estate formerly enjoyed by H. H. Taylor, deceased, back so as to become a part of the corpus of the testator's estate. We do not find that paragraph 5 contradicts or in any way conflicts with paragraph 3 but we do find that the will as a whole vests a fee title to the remainder after H. H Taylor's life estate, which was terminated by his death, in the first takers named in said paragraph 5, which is the greatest estate that a fair interpretation, in harmony with the will as a whole, is capable of passing under the law. See Article 1291, R.C.S.; 14 Tex. Jur. 933, sec. 155; 17 Tex.Jur. 137, secs. 172 and 173; Federal Land Bank of Houston et al. v. Little et al., Tex.Civ.App., 79 S.W.2d 645, affirmed 130 Tex. 173, 107 S.W.2d 374, is in some respects in point.

We affirm the judgment of the trial court.