Roy P. WILSON et al., Trustees, Appellants,

v.

Nannie PHILLIPS et al., Appellees.

No. 17143.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 23, 1970.

Sullivant & Harris, and Belvin R. Harris,
Gainesville, for appellants.

A. V. Grant, Muenster, and Wm. B.
Sullivant, Gainesville, for appellees.

OPINION

BREWSTER, Justice.

This suit was brought by the heirs at law of Vida Walker Patton, deceased, for the purpose of having her last will construed by the court. All defendants were trustees of a trust that was originally created by the provision of her husband's will. Defendants contended that Mrs. Patton's will devised all property she owned at her death to them as trustees to become a part of the corpus of their trust estate. The trial court rendered judgment construing this will in such a manner that testatrix was held to have died intestate as to all property which she owned at the time of her death which had not constituted a part of the community estate of herself and husband. This resulted in a judgment awarding title to such separate property to testatrix' heirs at law (plaintiffs herein) and the defendants have appealed.

We reverse and render.

The testatrix' husband, Earl J. Patton, died on June 18, 1968, and his will was admitted to probate in Cooke County.

By his will Mr. Patton devised all of his property and his wife's one-half interest in the community estate to certain named persons (the defendants herein) in trust, the pertinent provisions of such will being as follows:

II.

"I give, bequeath and devise to Roy P. Wilson, James Abner Enderby, Jim Smoot, and Fletcher Morris, jointly, as Trustees, to be administered by them as a Trust Estate for the purposes, uses and benefits herein provided, all of my properties of whatsoever nature and kind and wherever situated. * * * It is intended that such TRUST shall continue until the estate of Testator has been fully settled in accordance with the terms of this will. A majority of the Trustees shall have authority to perform all acts required by this will.

"III.

"My wife is Vida Walker Patton and we have no children nor the descendant or descendants of deceased children. Most of the properties we own were accumulated by our joint efforts and comprise our community estate. It is the intent of testator by this will to dispose of all of his own property, whether separate or community, and to dispose of the one-half interest of his wife, Vida Walker Patton, in our community estate; but it is not the intent of Testator by this will to dispose of any of the property inherited or that may be inherited by the said Vida Walker Patton, comprising her separate estate, nor shall her separate property enter into or be considered by my executors and trustees in disposing of my estate hereunder."

Further provisions of Mr. Patton's will were to the effect that his wife, Vida Walker Patton, was to be provided from the trust created in his will with a home for life and with a monthly income throughout her life. After his wife's death the income from the trust estate was to be used to provide college tuition for deserving Methodist students from Cooke County.

On December 4, 1968, the testatrix, Vida Walker Patton, the surviving wife of Earl J. Patton, died and her will was probated in Cooke County in January, 1969. Pertinent provisions of her will are as follows:

"IV.

"In the event I am predeceased by my husband, the said Earl J. Patton, I hereby affirm his last will and testament dated December 24, 1963 together with any codicil or codicils he may make thereto, and hereby adopt the same as my own, but it is understood, as provided in his will, that my separate property and estate shall not be affected thereby.

"V.

"If I am predeceased by my said husband, it is my will that all of the property

owned by me at my death, of whatsoever nature or kind and wherever situated, shall pass to and vest in the Trustees named in his last will and testament (and in any codicil or codicils thereto) and be handled and disposed of by said Trustees as in my said husband's will provided, and that the independent executors named in his will and/or codicils thereto shall administer my estate in the same manner and way as provided in his will."

Mr. Patton's will was executed on December 24, 1963, and Mrs. Patton's will was executed on June 2, 1964.

The parties stipulated that at her death the testatrix owned $5,661.65 in cash that constituted her separate property and estate.

The trial court held that Mrs. Patton's will did not dispose of her separate property and rendered judgment decreeing that testatrix died intestate as to her separate estate consisting of this cash item and that it passed by descent and distribution to the plaintiffs who are her heirs at law.

The position of the appellees is that Mrs. Patton's will made no disposition, either express or implied, of her separate estate and that her will expressly provided that only the community estate belonging to herself and her husband should be subject to her testamentary disposition.

We disagree with this contention.

The court's whole purpose in a will construction case is to ascertain the intent of the testatrix and, after doing that, to give effect to that intent. Kostroun v. Plsek, 15 S.W.2d 220 (Tex.Com.App., 1929).

The intent of the testatrix is to be gleaned from the provisions of the whole instrument, rather than from just isolated parts of it. Morris v. Finkelstein, 442 S. W.2d 452 (Houston Civ.App., 1969, ref., n. r. e.); Houston v. Harberger, 377 S.W. 2d 673 (Fort Worth Civ.App., 1964, ref.,

n. r. e.); Darragh v. Barmore, 242 S.W. 714 (Tex.Com.App., 1922).

Where the basic intent and purpose of the testatrix is apparent from a reading of the whole will, then that intent must be given effect by the court, and all rules of construction must yield. Morris v. Finkelstein, supra; Verhalen v. Klein, 268 S.W. 975 (Fort Worth Civ.App., 1924, no writ hist.); and Bittner v. Bittner, 45 S.W.2d 148 (Tex.Com.App., 1932).

We conclude that the basic intent of the testatrix, Mrs. Patton, is apparent from a reading of her entire will.

The language of her entire will makes it apparent that by the provisions of paragraph IV of her will the testatrix was affirming the act of her husband in devising her one-half interest in their community estate to the trustees. Having by the language therein contained affirmed her husband's will and having adopted the same as her own and having thus made provisions in her will in that paragraph IV by which she disposed of her one-half of their community estate, she was left at this point in her will in the position of having disposed of only a part of the property that she owned. She also owned some property that did not constitute any part of the community estate of herself and Mr. Patton. If her will stopped at this point it would not dispose of her separate property.

This being true she added paragraph V to her will. It in substance provided that if her husband died before she did, that *all* the property owned by her at her death, of *whatsoever nature or kind,* shall pass to the trustees named in her husband's will and that they shall administer her estate in the same manner and way as provided in his will. We hold that it was her intention that this paragraph V dispose of all the rest of the property that she owned at death that had not been previously disposed of in her will.

Boiling it all down, we hold that the language used in Mrs. Patton's entire will makes it manifest that it was her intention to and that she did devise her entire estate, including both separate and community property, to the trustees that were named in her husband's will to become a part of their trust estate and to be administered by them in the same manner and way as provided in his will.

If we are mistaken in the conclusions we have just expressed, and if Mrs. Patton's intention and purpose is not apparent from a reading of her whole will, then applicable rules relating to the construction of wills must be applied to aid the court in determining Mrs. Patton's intention and purpose. When that is done, we reach the same conclusions that we have heretofore expressed as to what Mrs. Patton's intention and purpose was.

 Such rules are: (1) It is presumed that the testatrix intended by her will to dispose of her entire estate and to not die intestate as to any part thereof. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096 (1931). (2) If the will is open to two constructions, the one will be given it that will prevent intestacy. Ferguson v. Ferguson, supra. (3) If two clauses of a will are in irreconcilable conflict, the last of the two clauses will be given effect as being the last expression of the testatrix' intention. Taylor v. First Nat. Bank of Wichita Falls, 207 S.W.2d 428 (Fort Worth Civ.App., 1948, no writ hist.). (4) A will will be presumed to contain no meaningless or superfluous expressions. Taylor v. First Nat. Bank of Wichita Falls, supra. In determining the intent of testatrix the will must be considered as a whole and no paragraph thereof will be considered disassociated from the rest of the will, and the will will be construed in such a way as to make every part of it effective. Kostroun v. Plsek, supra. Statements made in a particular paragraph of the will must yield to testatrix' general intent as manifested by the will as a whole. Darragh v. Barmore, supra. In construing

a will a court will construe it in such a way as to harmonize all parts of it, if reasonably possible. Houston v. Harberger, supra.

The parties stipulated that the wills of both Mr. and Mrs. Patton were drafted by the same attorney, Ray Winder, of Cooke County.

If a will is ambiguous or susceptible of two constructions, then a court, as an aid to construing such will and as an aid to determining the intent of the maker, may consider the circumstances attending the making of the will in question. 61 Tex. Jur.2d, Wills, Sec. 171, and Kostroun v. Plsek, supra. This includes the fact that an attorney drafted such will. 61 Tex.Jur. 2d 301, note 9.

The circumstances prevailing at the time testatrix' will was executed on June 2, 1964, are outlined in the next paragraph.

The same lawyer that drew testatrix' will had drawn her husband's will that was executed on December 24, 1963. By this will her husband had devised all his property plus his wife's one-half of their community property in trust. By the provisions of his will this trust was to provide a home for his wife during her lifetime plus a monthly income for life. At her death the income from the trust estate was to be used to pay college tuition for deserving Methodist students from Cooke County. The law is that Mr. Patton had no right to devise by his will Mrs. Patton's one-half of the community property. See on this 61 Tex.Jur.2d, Wills, Sec. 35, note 11. However, the law also is that if one spouse does attempt by his will to dispose of the other spouse's interest in the community estate, and the other spouse elects to take under such will, she will thereafter be estopped from asserting any further right to her part of the community property that her husband did attempt to dispose of by his will. See on this Moss v. Helsley, 60 Tex. 426 (1883). Mr. and Mrs. Patton did not have any children. Mr. Patton's will was very beneficial to Mrs. Patton for it pro-

vided her with a home and an income for life.

We conclude that if the applicable rules of construction are applied to the language of Mrs. Patton's will, and if such will is considered along with the circumstances that attended its execution, that judgment must still be rendered in favor of appellants.

By the language of paragraph IV of her will, Mrs. Patton intended to and did ratify and affirm her husband's will which attempted to devise her one-half of the community estate into the trust which was to provide her with a home and income for life. Appellees place stress on the fact that paragraph IV of Mrs. Patton's will contained the following words: " * * * but it is understood, as provided in his will, that my separate property and estate shall not be affected thereby (by his will)." We believe that her purpose in using these words was to make certain that no part of her separate property would, *at the time of her husband's death*, go into the trust estate that he created in his will. She could use this separate estate, after his death, for the purpose of supplementing the monthly income that her husband's trust provided for her. This particular language, as did that in her husband's will, made certain that her separate estate was not to go into this trust during Mrs. Patton's lifetime.

Through paragraph IV of her will the testatrix had only attempted to dispose of her interest in the community estate of herself and husband. Her separate property, which all concerned recognized that she had, was at this point undisposed of. She expressly said so in paragraph IV of her will.

Testatrix and her attorney then placed paragraph V into her will (worded as above indicated). By its provisions and by the provisions of the will as a whole, we conclude that testatrix intended to and did devise to the trustees named in her husband's will *all* the property, whether belonging to her separate estate or whether it had belonged to the community estate of herself and husband, that she might die seized and possessed of, to be administered by such trustees in the same manner as was the trust estate created by her husband's will.

We reverse the trial court's judgment, and here render judgment in favor of the appellants construing the will in question to devise all property that Mrs. Patton owned at her death, including her separate property, to the appellants as trustees of the trusts created by the wills in question.

Costs are taxed against appellees.