Tom **WILKINS, Oscar Olivarez, Roel D. Reyna and Basilio Villarreal, Sr., Appellants,**

v.

Elma **GARZA, Independent Executrix For the Estate of Herlinda Garza, Deceased, et al., Appellees.**

No. 04–83–00468–CV.

Court of Appeals of Texas, San Antonio.

March 27, 1985.

John E. Lewis, Maria Antonia Ramirez, McAllen, for appellants.

Jason W. Chozick, San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a summary judgment. Appellee initiated the lawsuit, seeking construction of the will of Herlinda Garza, deceased, and to ascertain the legal effect of a lapsed bequest. The trial court ruled that appellees were entitled to summary judgment as a matter of law. We agree.

Herlinda Garza executed a will designating her niece, Elma O. Garza, as the beneficiary of her properties in Rio Grande City. To her three nephews, Pablo Garza, Juan De Dios Garza and Santiago Garza, she bequeathed her rural properties in Starr County on a share and share alike basis. Elma O. Garza was named both independent executrix and sole beneficiary under the residuary clause. Pablo Garza, one of the nephews named in the will, predeceased the testatrix, who died December 13, 1977. The second nephew, Juan De Dios Garza, died intestate in 1978 survived by a widow and six children. Subsequently, the heirs of Juan De Dios Garza and Santiago Garza conveyed their undivided interest to the lands inherited to appellant Oscar Olivarez. These lands were later sold to the other appellants. Appellees, Elma O. Garza and the heirs of Pablo Garza, sought an interpretation of the testatrix's will and to remove the cloud from the title to the land encompassed by the lapsed bequest.

On appeal, appellants complain: (1) that the trial court erred in granting summary judgment as a matter of law; (2) that the granting of summary judgment was erroneous where there was a question of fact as to intention of the testatrix; (3) that the trial court erred in failing to consider the circumstances when the will was executed; and (4) that the trial court's failure to join other heirs and an individual named Ramon Garza was erroneous.

The central issue is whether the one-third interest in the rural property bequeathed to Pablo Garza, the legatee who predeceased the testatrix, passed to Elma O. Garza under the residuary clause of the will, or whether the property passed to all the heirs of the testatrix under the laws of descent and distribution. The residuary clause reads as follows:

Fifth: It is my further will and desire that upon my death, any and all other property, of whatsoever kind, nature or character, real, personal or mixed, (not specifically hereinbefore set out and devised) owned by me at the time of my death, shall pass to, vest in fee simple absolute, and become the property of my beloved niece, Elma O. Garza, from Rio Grande City, Starr County, Texas, and being described for purposes of identification as the wife of Dr. Gilberto Garza.

There is a presumption that a testator intends to dispose of all his estate and not to die intestate. *Briggs v. Peebles*, 144 Tex. 47, 188 S.W.2d 147, 150 (1945). Where the will contains a residuary clause the presumption against intestacy is especially strong. *Shriner's Hospital for Crippled Children v. Stahl*, 610 S.W.2d 147, 151 (Tex.1980); *Morris v. Finkelstein*, 442 S.W.2d 452, 455 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

In Texas, a legacy to one who predeceases the testator will lapse unless the legatee is a descendant of the testator. *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215 (1947). A lapsed legacy passes to the beneficiary of the residuary clause unless a different intention is expressed in the will. *Kuehn v. Bremer*, 132 S.W.2d 295, 297 (Tex.Civ.App.—Waco 1939, writ ref'd). In points of error one and two, appellants urge that the parenthetical phrase "not specifically hereinbefore set out and devised" in the residuary clause indicates the intent of the testatrix to exclude the lapsed legacy from the residue of the estate. The use of such a phrase does not operate to change the general import of such recognized expressions as "residue," "remainder," etc., unless other language in the will necessitates such a result. 80 Am.

**556**

Jur.2d *Wills* § 1690 (1975); *see also Petsch v. Slator*, 573 S.W.2d 849, 852 (Tex.Civ. App.—Austin 1978, writ ref'd n.r.e.).

The Texas rule of construction requires that we give effect to the intention of the testator after proper consideration of all of the provisions of the will. *Sellers v. Powers*, 426 S.W.2d 533, 536 (Tex.1968); *Calvery v. Calvery*, 122 Tex. 204, 55 S.W.2d 527, 529 (Tex.Comm'n App.1932). If the words used by the testator are clear and unambiguous, construction of the will is unnecessary; the court will only enforce the instructions of the testator. *Sanderson v. First National Bank*, 446 S.W.2d 720, 723 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.).

It is in this context that we review the entire will to ascertain the intent of the testatrix. The words in the will are clear and unambigious, demonstrating the intent of the testatrix that none of her estate pass by intestacy. The residuary clause bequeaths "any and all other property, of whatever kind, nature or character, real, personal or mixed to the residuary legatee in fee simple." Thus, we conclude that the testatrix did not express an intent that would preclude the lapsed estate from passing to the residuary legatee under the residuary clause. We further determine that there were no questions of fact concerning the intentions of the testatrix. Points of error one and two are overruled.

In their third point of error, appellants complain that the trial court erred in failing to consider the circumstances existing at the time the will was executed. The intent must be drawn from the will, not the will from intent. *El Paso National Bank v. Shriners Hospital for Crippled Children*, 615 S.W.2d 184, 185 (Tex.1981); *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960). Speculation regarding the intent of a testator is not permitted where the will is unambiguous; the court must construe the will based on the express language therein. *Frost National Bank v. Newton*, 554 S.W.2d 149, 153 (Tex. 1977); *Huffman*, 339 S.W.2d at 888. We determined in points of error one and two that the language of the residuary clause was unambiguous. Accordingly, the trial court did not err in excluding extrinsic evidence of circumstances existing when the will was executed. Point of error three is overruled.

In their final point of error, appellants urge that the trial court erred in failing to join other unnamed heirs of Elma Garza. They also contend the trial court erroneously failed to join Ramon Garza, an individual who had asserted a claim to the disputed property in a forcible entry and detainer suit. When appellees filed their motion for summary judgment in the trial court, appellants filed a plea in abatement, asserting that other unnamed heirs and Ramon Garza were necessary parties. Issues not expressly presented to the trial court on written motion, answer or other response shall not be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); TEX.R.CIV.P. 166–A(c). Although appellants filed a plea in abatement, there is nothing in the record to show that this issue was presented to the trial court in the motion in opposition to the motion for summary judgment. The error, if any, was not preserved. Appellants' fourth ground of error is overruled.

The judgment of the trial court is affirmed.